## THE KING *vs.* SIN FOOK.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, OCTOBER 20, 1890.   DECISION, NOVEMBER 25, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

In order to incur the penalty of an illegal escape from custody, the party
   must have been legally arrested and be a prisoner lawfully detained.

Construction placed on Section 3 of Chapter 29 of the Penal Code.

Exceptions sustained.

OPINION OF THE COURT, BY McCULLY, J.

The defendant was charged under Section 3 of Chapter 29
of the Penal Code with the offense of escaping from lawful cus-
tody.   The section reads :

"Whoever, being a prisoner lawfully detained in the custody
of any officer or any other person authorized by law to detain
such prisoner, in any other case than those provided for in the
preceding sections, escapes, shall be punished by imprisonment
at hard labor not more than three months, and by fine not
exceeding ten dollars."

A search warrant had been issued authorizing the search of
the defendant's premises for opium.   The exception states the
case, as follows : "During the trial the Court ruled that the
defendant was lawfully detained under the search warrant
issued while the search was going on in the case, although no
opium had been found upon him or his premises at that time,
and dismissed the appeal." The notes of evidence by the Circuit
Judge and all exhibits on file may be referred to as part of the
exceptions.   The search warrant follows the terms of the statute.
It commands that search be made of the premises of Sin Fook
for sundry packages of opium, and if the same or any part

thereof be found, "that you bring the property so found together with the body of the said Sin Fook, or other the person in whose possession the said property shall be found, before me (the magistrate) for examination."

By this it appears that there was no authority to arrest the defendant, to take him before the magistrate for examination, unless the property searched for, in this case opium, should be found ; and no opium was found. What "lawful detention," then, could he have been in from which he could make an illegal " escape ?" He must have been arrested before he could be detained under arrest, and the contingency upon which the officers had authority to arrest had not occured.

The state of being under arrest is a definite one. Our statute prescribes in Section 6 of Chapter 49 of the Penal Code the method of arrest. " If the officer have a warrant he must show it " * * * If the arrest is made without warrant, "he should give the party arrested clearly to understand for what cause he undertakes to make the arrest, and must require him to submit and accompany him to the jail or magistrate. This done, the arrest is complete." The party then becomes a lawful prisoner in detention, and if by force or guile he gets away, it is an escape. A person whom the officer has under suspicion may be watched and kept under observation if the officer is able to do so, but it is not an escape if he departs from view. There is no provision for legally holding a person in detention until he may or may not be arrested ; hence no departure is an escape.

The argument is made that there would be a practical difficulty in securing and often in identifying the possessor of opium found by search warrants, if the suspected person could not be detained pending the search. This is the *argumentum ab inconvenienti,* which does not prevail in the construction of penal statutes.

The exception is sustained.

*Deputy Attorney-General Creighton,* for the Crown.

*F. M. Hatch,* for defendant.